CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 02 2016
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MOLLY SOBEL, | ) |
| | ) Civil Action No. 3:15CV00040 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) Hon. Glen E. Conrad |
| INSTITUTE FOR SHIPBOARD | ) Chief United States District Judge |
| EDUCATION d/b/a SEMESTER AT SEA, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

Molly Sobel filed this action for damages arising from injuries she sustained as a result of being sexually assaulted while studying abroad through a program offered by the Institute for Shipboard Education ("ISE"). The case is presently before the court on ISE's motion for summary judgment. For the reasons that follow, the motion will be denied without prejudice as premature.

## Background

ISE is a nonprofit corporation based in Delaware, which has its principal place of business in Charlottesville, Virginia. ISE administers the Semester at Sea study abroad program, which offers students the opportunity to take college courses aboard a passenger cruise ship that travels internationally.

Sobel, a California resident, participated in the Semester at Sea Spring 2013 Voyage, which departed from San Diego, California on January 9, 2013. On March 6, 2013, the ship docked in Cochin, India. Prior to docking, Sobel purchased a ticket for a field trip to Agra and Varanasi, which was organized and provided by Abercrombie & Kent USA, LLC and Abercrombie & Kent Destination Management (collectively, "Abercrombie & Kent"). On March

9 and 10, 2013, while on the field trip, Sobel was sexually assaulted by her Abercrombie & Kent tour guide, Shailesh Tripathi.

On March 6, 2015, Sobel filed the instant action against ISE, Abercrombie & Kent, and Tripathi in the United States District Court for the Northern District of California, asserting claims of negligence; negligent hiring, supervision, and retention; sexual battery; intentional misrepresentation; negligent misrepresentation; intentional infliction of emotional distress; and negligent infliction of emotional distress. The action was transferred to this court on August 4, 2015.

On August 17, 2015, ISE moved for summary judgment. Relying on a limitations provision in a ticket contract issued by ISE, which states that passengers must bring any personal injury claim within one year of the date of injury, ISE argues that Sobel's action is time-barred. The court held a hearing on ISE's motion on December 21, 2015. The motion has been briefed and is ripe for review.

## Discussion

To prevail on the instant motion for summary judgment, ISE must first establish that the one-year limitation clause in the ticket contract is enforceable, which, in turn, requires a showing that the contract provision was "reasonably communicated" to Sobel. Euland v. M/V Dolphin IV, 685 F. Supp. 942, 945 (D.S.C. 1988); see also Oltman v. Holland Am. Line, Inc., 538 F.3d 1271, 1276 (9th Cir. 2008); Ward v. Cross Sound Ferry, 273 F.3d 520, 523 (2d Cir. 2001). In determining whether a contract provision was reasonably communicated to a passenger, courts look to "(1) whether the physical characteristics of the ticket itself reasonably communicated to the passenger the existence therein of important terms and conditions that affected the passenger's

legal rights, and (2) whether the circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract permitted the passenger to become meaningfully informed of the contractual terms at stake." Ward, 273 F.3d at 523. Such circumstances include "the passenger's familiarity with the ticket, the time and incentive under the circumstances to study the provisions of the ticket, and any other notice that the passenger received outside of the ticket." Oltman, 538 F.3d at 1276 (internal citation and quotation marks omitted).

The question of whether a limitation clause is enforceable in a particular case is a question of law for the court to decide and, thus, appropriate for consideration on summary judgment. See Euland, 685 F. Supp. at 945. As a general rule, however, "summary judgment should only be granted 'after adequate time for discovery.'" McCray v. Md. Dep't of Transp., 741 F.3d 480, 483 (4th Cir. 2014) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). "Summary judgment before discovery forces the non-moving party into a fencing match without a sword or mask." Id.

When a party believes that discovery is necessary to combat a summary judgment motion, the "proper course" is to file an affidavit pursuant to Federal Rule of Civil Procedure 56(d), explaining why she cannot properly oppose a motion without a chance to conduct discovery. Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002). "Nevertheless, in some cases courts have held that summary judgment was premature even when the opposing party failed to file [such] affidavit." Id.

In this case, ISE moved for summary judgment before the parties engaged in any discovery. Although Sobel did not file an affidavit pursuant to Rule 56(d), she did file a brief opposing ISE's motion on the basis that she had not had the opportunity to conduct discovery

3

relevant to the issue raised by ISE. In her brief in opposition, Sobel emphasizes that she no longer has access to the Semester at Sea online system, and is unable to confirm whether she obtained possession of the entire ticket contract and all of the materials referenced therein; that she currently lacks access to the separate purchase contract that was issued for the field trip on which she was assaulted; and that she is "otherwise without necessary documentation to show that no [contractual] time limitation applied to her injuries occurring on shore." Docket No. 49, Pl.'s Br. in Opp'n 9.

Having carefully considered the parties' arguments, the court is of the opinion that Sobel's brief is sufficient to serve as the "functional equivalent" of a Rule 56(d) affidavit, and that summary judgment is premature at this time. Harrods, 302 F.3d at 245; see also Sutton v. Roth, 361 F. App'x 543, 549 (4th Cir. 2010) (holding that a memorandum in opposition to summary judgment effectively served as a [Rule 56(d)] affidavit). The court will permit the parties to engage in expedited discovery limited to the issue of the enforceability of the ticket contract's one-year limitation provision. See, e.g., Hova v. Royal Caribbean Cruises Ltd., No. 12-1358, 2013 U.S. Dist. LEXIS 81471, at *9 (E.D.N.Y. Apr. 30, 2013) (permitting limited discovery where the record was underdeveloped on the issue of whether a passenger was meaningfully informed of the terms of a ticket contract that included a one-year limitation period for personal injury claims). Upon the completion of such discovery, ISE may renew its motion for summary judgment.*

---

* During the hearing on the summary judgment motion, the court raised an issue regarding the scope of the contractual provision relied upon by ISE. The court questioned whether the provision could be said to apply to all of Sobel's claims, including those based on acts, representations, or omissions that occurred before Sobel departed on the cruise. Neither side addressed this particular issue in their respective briefs. In the event that ISE renews its motion for summary judgment following the conduct of limited discovery, the parties are requested to brief this issue.

## Conclusion

For the reasons stated, ISE's motion for summary judgment will be denied without prejudice. The parties will be given ninety days in which to conduct discovery limited to the issue of the enforceability of the one-year limitation provision contained in the ticket contract. If additional time or assistance is required, the parties may petition the court for appropriate rulings.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 2d day of March, 2016.

_____
Chief United States District Judge